UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED WAYNE HELVY, CDCR #H-72048,<br><br>         Plaintiff,<br><br> vs.<br><br>DANIEL PARAMO, et al.,<br><br>         Defendants. | Case No.: 3:20-cv-01144 JAH-MSB<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)(1)** |

**I. Procedural History**

  On June 22, 2020, Frank Wayne Helvy ("Plaintiff"), incarcerated at California Medical Facility ("CMF") located in Vacaville, California, filed a civil rights Complaint filed pursuant to 22 U.S.C. § 1983 (ECF No. 1). In addition, he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

  On July 8, 2020, the Court GRANTED Plaintiff's Motion to Proceed IFP and DISMISSED his Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b)(1) (ECF No. 3).

Plaintiff was granted leave to file an amended pleading in order to correct the deficiencies of pleading identified in the Court's Order.  (*See id.*)  On August 27, 2020, Plaintiff filed his First Amended Complaint ("FAC") (ECF No. 5.)

**II.     Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A**

   A.     <u>Standard of Review</u>

Because Plaintiff is a prisoner and is proceeding IFP, his FAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or

"unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

      C.     Plaintiff's Allegations

Plaintiff alleges that he was in the Enhanced Outpatient Program ("EOP") while he was housed at the Richard J. Donovan Correctional Facility ("RJD") in 2017. (*See* FAC at 3.) On April 1, 2017, Plaintiff was issued a Rules Violation Report ("RVR") based on allegations of inappropriate behavior with his "assigned clinician," Defendant Obregon. (*Id.* at 3, 20.) On April 28, 2017, the "disciplinary hearing was held with [Defendant] Soto as the hearing officer." (*Id.* at 5.) Plaintiff alleges he "presented a 9-page defense packet" but "a guilt finding was given based on corrupted application of the 'some evidence' standard." (*Id.*)

On May 23, 2017, Plaintiff claims that his "evening meal was disrupted by [Defendant] Mesa who escorted Plaintiff to the P.S.U. building in cuffs." (*Id.* at 6.) Plaintiff further claims that Defendant Larios "rolled up" his personal property and he was given an inventory property form to sign. (*Id.*) Plaintiff was "taken to Ad-Seg and ordered to strip out." (*Id.* at 7.)

On June 1, 2017, Plaintiff appeared before the Institution Classification Committee ("ICC") and was informed that he would be "retained 45 days in Ad-Seg for the staff threat investigation." (*Id.*) On July 3, 2017, Plaintiff "received the disciplinary hearing results." (*Id.*) On August 2, 2017, Plaintiff "was informed a staff separation order was granted and transfer was recommended." (*Id.* at 8.) Plaintiff was transferred to CMF on August 27, 2017. (*Id.* at 9.) On September 22, 2017, when Plaintiff went to pick up his personal property, he "discovered that over $500 worth was missing." (*Id.* at 10.)

Plaintiff seeks "monetary damages, compensatory and punitive damages in an amount to be determined at trial" and injunctive relief in the form of expunging the "guilt finding" following the disciplinary hearing. (*Id.* at 17.)

/ / /

D.  Retaliation claims

Plaintiff alleges that Defendants "initiated a retaliatory series of adverse actions solely to punish the Plaintiff for attempting to pursue his United States constitutional rights." (*Id.* at 14.)

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).

A retaliation claim has five elements. *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). First, Plaintiff must allege that the retaliated-against conduct is protected. *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012). Second, Plaintiff must allege Defendants took adverse action against him.[1] *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005). Third, Plaintiff must allege a causal connection between the adverse action and the protected conduct.[2] *Watison*, 668 F.3d at 1114. Fourth, Plaintiff must allege the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." *Rhodes*, 408 F.3d at 568 (internal quotation marks and emphasis omitted).[3] Fifth, Plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution...." *Rizzo*, 778 F.2d at 532; *Watison*, 668 F.3d at 1114-15.

---

[1] The adverse action need not be an independent constitutional violation. *Pratt*, 65 F.3d at 806. "[T]he mere threat of harm can be an adverse action...." *Brodheim*, 584 F.3d at 1270.

[2] Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal. *Watison,* 668 F.3d at 1114 (citing *Pratt*, 65 F.3d at 808 ("[T]iming can properly be considered as circumstantial evidence of retaliatory intent.")).

[3] "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm," *Brodheim*, 584 F.3d at 1269, that is "more than minimal," *Robinson*, 408 F.3d at 568 n.11.

Here, Plaintiff's retaliation claim fails because he fails to allege facts to show that he was retaliated against *because* he was engaging in protected conduct. Plaintiff's claims are far from clear, but it appears that the purported retaliatory actions were the issuance of the RVR and the subsequent disciplinary proceedings. However, Plaintiff does not allege that either of these events were due to the filing of a grievance or other protected conduct. Plaintiff does not allege that he ever filed a grievance against any of the named Defendants before he was issued the RVR nor does he allege that he ever verbally threatened to take action against Defendants. *See Entler v. Gregoire*, 872 F.3d 1031, 1039-40 (9th Cir. 2017) (Holding that both "verbal … [and] written … threats to sue fall within the purview of the constitutionally protected right to file grievances.") As set forth above, the first element of a retaliation claim requires Plaintiff to allege that the retaliated-against conduct is protected conduct. *Watison*, 668 F.3d at 1114. Plaintiff has failed to do so.

Therefore, Plaintiff's First Amendment retaliation claims are DISMISSED for failing to state a claim.

    E.    <u>Fourteenth Amendment due process claims</u>

Plaintiff generally alleges that his Fourteenth Amendment due process rights were violated during his disciplinary hearing. The Fourteenth Amendment provides that "[n]o state shall ... deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972). "To state a procedural due process claim, [a plaintiff] must allege '(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process.'" *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000) (quoting *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993)).

A prisoner is entitled to certain due process protections when he is charged with a disciplinary violation. *Serrano v. Francis*, 345 F.3d 1071, 1077 (9th Cir. 2003) (citing

*Wolff v. McDonnell*, 418 U.S. 539, 564-571 (1974)). "Such protections include the rights to call witnesses, to present documentary evidence and to have a written statement by the fact-finder as to the evidence relied upon and the reasons for the disciplinary action taken." *Id.*

Plaintiff's FAC is devoid of any factual allegation that he was deprived any of the due process protections under *Wolff*. Therefore, Plaintiff's Fourteenth Amendment due process claims are DISMISSED for failing to state a claim.

F.     Heck Bar

In addition, to the extent Plaintiff lost good time custody credits that were imposed as a result of his disciplinary conviction and he seeks an expungement of his disciplinary conviction, he faces an additional hurdle. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

State prisoners may not challenge the fact or duration of their confinement in a section 1983 action; their remedy lies in habeas corpus instead. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Often referred to as the "favorable termination rule" or the "*Heck* bar," this limitation applies whenever state prisoners "seek to invalidate the duration of their confinement--either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Id.* at 81 (emphasis in original). Accordingly, "a state prisoner's § 1983 action is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81-82. The favorable termination rule applies to prison disciplinary proceedings if those proceedings resulted in the loss of good-time or behavior credits. *Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997).

Where "success in a ... [section] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable

termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (citing *Heck*, 512 U.S. 477; *Edwards*, 520 U.S. at 648). A due process claim would be barred unless Plaintiff can also show his disciplinary conviction has been reversed, expunged, or otherwise invalidated. *Heck*, 512 U.S. at 486-87.

Here, Plaintiff contends he was convicted based on a "false RVR" and therefore, his claims necessarily imply the invalidity of his disciplinary conviction. *Id.* at 487. Because he has not further alleged his disciplinary conviction has already been reversed, expunged, or otherwise invalidated, Plaintiff does not state a plausible claim for relief, and his Fourteenth Amendment claims must be dismissed. *Id.*; *see also Coley v. Duffy*, No. 1:13-CV-00912-BAM-PC, 2016 WL 1359799, at *6 (E.D. Cal. Apr. 5, 2016) (dismissing prisoner's § 1983 complaint alleging loss of custody credits and of being falsely charged with a disciplinary violation pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A as barred by *Heck*).

G.   Personal property claims

Plaintiff also claims that Defendants "stole much of his property" which he discovered when he arrived at CMF. (FAC at 16.)  Where a prisoner alleges he was deprived of a property interest caused by the unauthorized acts of state officials, either negligent or intentional, he cannot state a constitutional claim where the state provides an adequate post-deprivation remedy. *See Zinermon v. Burch*, 494 U.S. 113, 129-32 (1990); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (holding that the unauthorized negligent or intentional deprivation of property does not violate due process if a meaningful post-deprivation remedy is available).  The California Tort Claims Act ("CTCA") provides an adequate post-deprivation state remedy for the random and unauthorized taking of property. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) ("California law provides an adequate post-deprivation remedy for any property deprivations.")  Thus, to the extent Plaintiff challenges the unauthorized or negligent taking of his personal property in contravention of a statute or regulation authorizing it, the CTCA provides him

with an adequate state post-deprivation remedy, and his substantive and procedural due process claims challenging the loss of his property is not cognizable in a § 1983 action.

Plaintiff's claims relating to his personal property are DISMISSED for failing to state a claim and without leave to amend in this matter.

### III. Conclusion and Order

Based on the foregoing, the Court:

1) **DISMISSES** Plaintiff's FAC sua sponte for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

2) **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

Plaintiff's Amended Complaint, should he elect to file one, must be captioned as his "Second Amended Complaint," contain S.D. Cal. Civil Case No. 20cv1144 JAH (MSB) in its caption, and comply both with FED. R. CIV. P. 8 and with S.D. CAL. CIVLR 8.2.a. The Court **DIRECTS** the Clerk of the Court to provide Plaintiff with a blank copy of its form Complaint under the Civil Rights Act, 42 U.S.C. § 1983 for Plaintiff's use and to assist him in complying with LR 8.2.a's requirements.

/ / /
/ / /
/ / /
/ / /
/ / /

If Plaintiff <u>fails</u> to file an Amended Complaint within 45 days, *or* if he files an Amended Complaint that still fails to allege any plausible claim for relief against any Defendant that is timely, the Court will dismiss all untimely claims without further leave to amend pursuant to 42 U.S.C. § 1915(e)(2) and § 1915A.

**IT IS SO ORDERED**.

Dated: September 11, 2020

HON. JOHN A. HOUSTON
United States District Judge