UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED WAYNE HELVY, CDCR #H-72048,<br><br>                            Plaintiff,<br><br>vs.<br><br>DANIEL PARAMO, et al.,<br><br>                            Defendants. | Case No.: 3:20-cv-01144 JAH-MSB<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)(1)** |

**I.    Procedural History**

On June 22, 2020, Frank Wayne Helvy ("Plaintiff"), incarcerated at California Medical Facility ("CMF") located in Vacaville, California, filed a civil rights Complaint pursuant to 22 U.S.C. § 1983 (ECF No. 1). In addition, he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

On July 8, 2020, the Court GRANTED Plaintiff's Motion to Proceed IFP and DISMISSED his Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b)(1) (ECF No. 3).

1

Plaintiff was granted leave to file an amended pleading in order to correct the deficiencies of pleading identified in the Court's Order. (*See id.*) On August 27, 2020, Plaintiff filed his First Amended Complaint ("FAC") (ECF No. 4.) However, once again, the Court found that Plaintiff failed to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b)(1). (ECF No. 5.)

Plaintiff was again granted leave to file an amended pleading and on November 2, 2020, Plaintiff filed his Second Amended Complaint ("SAC"). As an initial matter, the Court finds that in his SAC, Plaintiff re-alleges claims regarding his personal property but the Court dismissed those claims in the September 11, 2020 Order without leave to amend. (*See* ECF No. 5 at 7-8.) Therefore, the Court, once again, dismisses those claims without leave to amend for the reasons set forth in the Court's September 11, 2020 Order.

**II.    Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A**

    A.    <u>Standard of Review</u>

Because Plaintiff is a prisoner and is proceeding IFP, his SAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard

applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

C.  Plaintiff's Allegations

On March 27, 2017, Plaintiff claims he was accused of "inappropriate behavior" with Defendant Obregon. (SAC at 4.)  As a result of these accusations, Plaintiff was issued a Rules Violation Report ("RVR") on April 7, 2017. (*See id.*)  On April 28, 2017, a disciplinary hearing regarding this RVR was conducted. (*See id. at* 5.)  As a result of the reports issued by witnesses, which Plaintiff claims were fabricated, he was found guilty of the charges in the RVR. (*See id.* at 6.)  Plaintiff was retained in Administrative Segregation ("Ad-Seg") following his disciplinary hearing. (*See id.*)  On July 3, 2017, Plaintiff received the "Disciplinary Hearing Results."  (*Id.*)  Plaintiff was ultimately transferred to the California Medical Facility in Vacaville on August 27, 2017.  (*See id.*)

D.  Statute of Limitations

The Court finds that Plaintiff's claims, alleged to arise at RJD beginning in March of 2017, and continuing until his transfer to CMF in August of 2017, are subject to sua sponte dismissal for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(b)(1) because they are time-barred.

"A claim may be dismissed [for failing to state a claim] on the ground that it is barred

by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)). "'A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'" *Id.* (quoting *Supermail Cargo, Inc. v. U.S.,* 68 F.3d 1204, 1206 (9th Cir. 1995)); *see also Cervantes v. City of San Diego*, 5 F.3d 1273, 1276-77 (9th Cir. 1993) (where the running of the statute of limitations is apparent on the face of a complaint, dismissal for failure to state a claim is proper, so long as Plaintiff is provided an opportunity to amend in order to allege facts which, if proved, might support tolling); *see also Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 216 F.3d 764, 788 (9th Cir. 2000) (court may raise the defense of statute of limitations sua sponte).

Section 1983 contains no specific statute of limitation; therefore, federal courts apply the forum state's statute of limitations for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). Before 2003, California's statute of limitations was one year. *Jones*, 393 F.3d at 927. Effective January 1, 2003, the limitations period was extended to two. *Id.* (citing CAL. CIV. PROC. CODE § 335.1). The law of the forum state also governs tolling. *Wallace v. Kato*, 549 U.S. 384, 394 (2007) (citing *Hardin v. Straub*, 490 U.S. 536, 538-39 (1989)); *Jones*, 393 F.3d at 927 (where the federal court borrows the state statute of limitation, the federal court also borrows all applicable provisions for tolling the limitations period found in state law).

Under California law, the statute of limitations for prisoners serving less than a life sentence is tolled for an additional two years. CAL. CIV. PROC. CODE § 352.1(a); *Johnson v. California*, 207 F.3d 650, 654 (9th Cir. 2000), *overruled on other grounds*, 543 U.S. 499 (2005). However, Plaintiff is currently serving a sentence of life without the possibility of

4

parole ("LWOP") and therefore, is not entitled to the extra two years of tolling.[1]

Unlike the length of the limitations period, however, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace*, 549 U.S. at 388; *Hardin*, 490 U.S. at 543-44 (federal law governs when a § 1983 cause of action accrues). "Under the traditional rule of accrual ... the tort cause of action accrues, and the statute of limitation begins to run, when the wrongful act or omission results in damages." *Wallace*, 549 U.S. at 391. Put another way, "[u]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Maldonado*, 370 F.3d at 955; *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).

In this case, the "wrongful acts" alleged to have been taken against Plaintiff at RJD occurred more than two years before he filed his Complaint on June 22, 2020, and thus, are outside California's statute of limitations. Specifically, Plaintiff alleges his constitutional rights were violated by Defendants in March and April of 2017. Based on these allegations, the Court concludes Plaintiff had "reason to know" of his injuries at RJD as early as March 2017, more than three years before he filed this case on June 22, 2020, and after the limitations period applicable to his claims elapsed. *See Maldonado*, 370 F.3d at 955.

Finally, Plaintiff's claims could be considered timely if, in his Complaint, he alleged facts sufficient to show the limitations period may be equitably tolled. *See Cervantes*, 5 F.3d at 1276-77. Generally, federal courts also apply the forum state's law regarding equitable tolling. *Fink*, 192 F.3d at 914; *Bacon v. City of Los Angeles*, 843 F.2d 372, 374 (9th Cir. 1988). Under California law, however, Plaintiff must meet three conditions to equitably toll the statute of limitations: (1) he must have diligently pursued his claim; (2) his situation must be the product of forces beyond his control; and (3) Defendants must not

---

[1] *See* CDCR Inmate Locator, https:\\www.inmatelocator.cdcr.ca.gov (website last visited November 23, 2020.)

be prejudiced by the application of equitable tolling. *See Hull v. Central Pathology Serv. Med. Clinic*, 28 Cal. App. 4th 1328, 1335 (Cal. Ct. App. 1994); *Addison v. State of California*, 21 Cal.3d 313, 316-17 (Cal. 1978); *Fink*, 192 F.3d at 916.

As currently pleaded, however, the Court finds Plaintiff has failed to plead any facts which, if proved, would support any plausible claim for equitable tolling. *See Cervantes*, 5 F.3d at 1277; *Iqbal*, 556 U.S. at 679.

Plaintiff is also entitled to tolling while he exhausts his administrative remedies. *See Brown v. Voloff*, 422 F.3d 926, 943 (9th Cir. 2005) (finding that "the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process.") According to the exhibits attached to Plaintiff's SAC, he began the grievance process on July 31, 2017 relating to the claims he brings in this action. (*See* FAC at 60, CDCR Inmate/Parolee Appeal, Log No. RJD-B-17-4566.) Plaintiff received a response at the final level of review on June 21, 2018. (*See id.* at 100-101, Third Level Appeal Decision dated June 21, 2018.) The claims raised in this grievance challenge his disciplinary hearing which was conducted on April 28, 2017. (*See* FAC at 5, 60, 100.)

It took Plaintiff approximately ten and a half months to complete the grievance process and he is entitled to that amount of tolling. The claims giving rise to this action are alleged to have occurred on April 28, 2017. Therefore, Plaintiff had two years and approximately ten and a half months from April 28, 2017 to file this action. Therefore, Plaintiff should have filed this action by March of 2020. However, Plaintiff did not file this action until June 22, 2020. (*See* Compl., ECF No. 1.)

Accordingly, the Court finds that because it is clear from the face of Plaintiff's SAC, as it is currently alleged, his claims against all Defendants are barred by the statute of limitations. As such, those claims and Defendants are subject to sua sponte dismissal for failing to state a claim upon which section 1983 relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 1915A(b)(1); *Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

///

///

## III. Conclusion and Order

Based on the foregoing, the Court:

1) **DISMISSES** Plaintiff's SAC sua sponte for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) and **DENIES** leave to amend as futile.

2) **CERTIFIES** that an IFP appeal in this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

3) **DIRECTS** the Clerk of Court to close the case.

**IT IS SO ORDERED**.

Dated: December 1, 2020

HON. JOHN A. HOUSTON
United States District Judge

7